(*) BALDWIN *versus* DOE & al.

If a poor debtor, when disclosing his property affairs upon a relief bond, shows that he has money on hand, or debts due to him, and does not cause the same to be appraised and set off for the creditor, the bond is forfeited.

Thus, if he have paid in advance to the examining justices for their fees, a greater sum than they were allowed by law to receive, the bond is forfeited, unless he causes his claim against them for reimbursement to be appraised.

To the creditor's claim for a forfeiture, in such a case, it is no answer, that he might have recovered in a suit against the justices as trustees of the debtor.

ON EXCEPTIONS from *Nisi Prius*, HATHAWAY, J., presiding. DEBT on a poor debtor's relief bond.

Defence, that he had performed the condition by disclosing his property affairs and taking the oath, as therein provided for, before two justices of the quorum.

The justices, in their certificate of 'discharge, incorporated the debtor's disclosure, from which it appears, that when making it, he laid upon the table and left three dollars for the justices' fees.

The Judge instructed the jury, that it might perhaps be presumed the justices took the three dollars, but that their legal fees were only fifty cents each, and, that therefore, there were two dollars of the debtor's money, which should have been turned out by him to the creditor, and if the same had not been appraised or turned out and accepted, and if the plaintiff had not waived an appraisal, then the plaintiff would be entitled to their verdict for two dollars at least. To this instruction the defendants excepted.

The defendants requested the Judge to instruct the jury, that if the legal fees of the justices were only fifty cents each, and they had received the three dollars, which the debtor laid on the table as their fees, still that sum was liable to the process of foreign attachment in their hands, and therefore did not come within the provisions of § 29, of c. 148, of the R. S., and the bond would not be forfeited by the debtor's neglecting to have it appraised.

This request was refused, and the defendants excepted.

The verdict was for the plaintiff, assessing the damage at six dollars.

The answer by the jury to certain questions propounded to them, is given in the opinion of the Court.

*A. Sanborn,* for the defendants.

I. ·The instruction was erroneous. ——

1st. Justices are by statute allowed for travel, besides the fifty cents for attendance. And the distance of travel does not appear in the case.

2d. The law requires nothing useless. An appraisement of the value of two dollars could but be an idle form. What would appraisers say two dollars were worth ?

II. The instruction requested should have been given.

If the justices took the sum of three dollars as their fees, then it was no longer in the possession or control of the debtor. It was in the possession of the justices, claiming it as their property. It is manifest, therefore, that it does not come within the meaning of § 29, of c. 148, of R. S. The surplus, if any, above their fees, might have been reached by process of foreign attachment in their hands. But it would be wrong, not only against the principal debtor, but especially against his sureties, that the bond should be forfeited, because he did not turn out the money when it was not practicable for him to do so.

*Simpson,* for the plaintiff.

Appleton, J. —— The jury have found, in answer to certain questions proposed at the instance of the counsel for the defendants, that·the debtor, at the time of the disclosure, possessed, or had under his control, bank notes, bills, accounts, bonds or other property, not exempt from attachment, and which could not be come at to be attached, and that upon such property being so disclosed by the debtor, the creditor and such debtor did not agree to apply the same in part or in full discharge of the debt, and that the creditor did not waive an appraisal of such property.

The instructions given, and those refused, relate entirely to

three dollars, which the debtor says he left on the table, but whether the same was taken by the justices or not, does not distinctly appear. If this sum was paid to the magistrates after having been disclosed by the debtor, then this case is brought clearly within the authority of *Butman* v. *Holbrook*, 27 Maine, 424, where it was decided that the lien given by R. S., c. 148, § 34, attached to the money disclosed in favor of the creditor, and that it could not be disposed of within thirty days next after the disclosure, without working a forfeiture of all benefit from the certificate. If, therefore, the money was paid to the justices, then, in the language of WHITMAN, C. J., in the case before referred to, " this brings the case within the literal import of the statute to work a forfeiture."

If the money was not paid to the justices, but remained the property of the debtor, then, as by the facts found by the jury there was a forfeiture of the bond, the money should be included in the sum found by the jury, as damages. The law is well settled that, to prevent a forfeiture, the property disclosed, so far as it is embraced by R. S., c. 148, § 29, should have been appraised. *Harding* v. *Buller*, 21 Maine, 191 ; *Fessenden* v. *Chesley*, 29 Maine, 368.

In either event, therefore, the plaintiff is entitled to judgment. *Exceptions overruled. Judgment on the verdict.*

SHEPLEY, C. J., and TENNEY and RICE, J. J., concurred.